J-S12037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH HAROLD BURNO JR. | : | |
| | : | |
| Appellant | : | No. 1572 EDA 2024 |

Appeal from the PCRA Order Entered May 22, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000330-2003

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 8, 2025**

Appellant, Kenneth Harold Burno Jr., appeals from the post-conviction court's May 22, 2024 order dismissing, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's case are not germane to our disposition of this appeal.  We need only note that, procedurally, Appellant was convicted by a jury on April 26, 2004, of first-degree murder, criminal conspiracy to commit first-degree murder, and unsworn falsification to authorities.  On September 27, 2004, Appellant was sentenced to life imprisonment, without the possibility of parole.  He filed a direct appeal, and after this Court affirmed his judgment of sentence on July 25, 2005, our Supreme Court denied his subsequent petition for allowance of appeal.  ***See Commonwealth v. Burno***, 883 A.2d 685 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 1213 (Pa. 2005).

Appellant thereafter filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition on Appellant's behalf. Following a hearing, the PCRA court denied Appellant's petition, and this Court affirmed this determination on appeal. ***See Commonwealth v. Burno***, 34 A.3d 221 (Pa. Super. 2011) (unpublished memorandum). Our Supreme Court denied Appellant's subsequent petition for allowance of appeal. ***See Commonwealth v. Burno***, 49 A.3d 441 (Pa. 2012). Appellant then filed a second, *pro se* PCRA petition on March 25, 2022. The PCRA court denied that petition as untimely, and this Court affirmed on appeal. ***See Commonwealth v. Burno***, 293 A.3d 646 (Pa. Super. 2023) (unpublished memorandum). Appellant did not file a subsequent petition for allowance of appeal.

On March 22, 2024, Appellant filed a third, *pro se* PCRA petition, which underlies his instant appeal. The PCRA court thereafter issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. Although Appellant filed a *pro se* response, the court issued an order dismissing his petition on May 22, 2024. Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states three issues for our review:

I. Did the PCRA court err when it dismissed the third PCRA petition, where there was clear evidence that [Appellant] met the requirements set forth in 42 Pa.C.S.[] § 9545(b)(1)(ii) [and] (2)?

II. Did the PCRA court err when it failed to follow proper protocol pursuant to both [section] 9545 *et seq.*, and Pa.R.Crim.P. … 900-909, thus violating [Appellant's] fundamental fairness rights under the due process clause of

> the fourteenth amendment of the United States Constitution?
>
> III. Did the PCRA court err when it dismissed the third PCRA petition on the raising of a miscarriage of justice exception, in that the trial proceeding during jury instructions resulted in a conviction that was unfair, thus meeting the … exception [in] *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)[?]

Appellant's Brief at 3 (some formatting altered; unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in early 2006, and thus, his instant petition filed in 2024 is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In this regard, Appellant argues, in his first and second issues, that he meets the newly-discovered-fact exception of section 9545(b)(1)(ii). According to Appellant, on January 10, 2024, he discovered "a report from 2003 titled: 'Minority Representation in the Jury Selection Process in Pennsylvania – May, 2003, 2002 SR No. 268[.'"] Appellant's Brief at 11. Appellant claims that this report revealed to him that Montgomery County had a "biased jury selection process" at the time of Appellant's jury trial in 2004. *Id.* at 12. Although Appellant recognizes that the 2003 report was public

- 4 -

information and "existed prior to [his] trial[,]" he claims that neither he "nor his trial counsel[] had any reason to be aware of it…." *Id.* at 11. Appellant further insists that under *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017), we cannot presume that the public report was known to him, because he was *pro se* and incarcerated "with no means to research the existence of the public record." *Id.* at 12.

Appellant's argument fails. In *Burton*, our Supreme Court held "that the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." *Burton*, 158 A.3d at 638 (emphasis omitted). In this case, Appellant was not *pro se* during the times when he could have used the 2003 report to challenge the jury-selection process in his case. Namely, Appellant was represented by counsel during his trial in 2004 and his direct appeal in 2005. Appellant does not explain why his counsel could not have discovered the 2003 report prior to trial, during trial, or during the direct appeal proceedings. Indeed, Appellant admits that he obtained the report from "a fellow prisoner" who had "received a copy from his attorney." Appellant's Brief at 12. If Appellant's fellow prisoner's attorney discovered the report, Appellant's trial and/or PCRA counsel could also have done so, had they exercised due diligence.

Moreover, Appellant was also represented by counsel during the litigation of his first, timely PCRA petition after his judgment of sentence became final. Thus, his PCRA counsel could have discovered the report and

- 5 -

argued that Appellant's prior attorney(s) were ineffective for failing to find it and use it to challenge the jury-selection process in Appellant's case.

To the extent Appellant argues herein that his attorneys were ineffective for failing to discover and/or raise the report, *see id.* at 16, we cannot address these claims unless Appellant's petition meets a timeliness exception. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 724 (Pa. 2003) (stating that "couching claims in ineffectiveness terms does not save an untimely petition"). Moreover, Appellant's ineffectiveness claim regarding his first PCRA counsel cannot overcome the jurisdictional time-bar, despite our Supreme Court's decision in *Bradley*, which held that a defendant may, following denial of post-conviction relief, and after obtaining new counsel or proceeding *pro se*, raise rule-based claims of ineffective assistance of PCRA counsel at the first opportunity to do so, including on appeal. *See Bradley*, 261 A.3d at 402. Our Supreme Court has clarified that "*Bradley* did not establish an equitable exception to the PCRA's time-bar and … its rationale cannot be extended to create one." *Commonwealth v. Laird*, --- A.3d ----, 2025 WL 542548, at *1 (Pa. Feb. 19, 2025). Instead, the *Laird* Court explicitly reaffirmed its holding in *Abu-Jamal* that ineffectiveness "claims cannot generate equitable exceptions to the PCRA's time-bar. Because courts lack jurisdiction to hear an untimely PCRA petition, they necessarily lack jurisdiction to consider ancillary matters like [ineffectiveness] claims." *Id.* at *15 (citing *Abu-Jamal*, 833 A.2d at 723-24).

Accordingly, Appellant has not proven that the 2003 report was 'unknown' to him, or that it could not have been discovered prior to 2024, had his counsel exercised due diligence.[1]  No relief is due on his first two issues.

_____

[1] Given our conclusion, we reject Appellant's argument that the PCRA court should have appointed him counsel to file an amended petition.  **See** Appellant's Brief at 13.  Appellant contends that, because the PCRA court incorrectly assessed — and rejected — the merits of his jury-selection issue, the court must have found that he met a timeliness exception, and it therefore should have appointed him counsel to file an amended petition.  **See id.** ("If the court felt [Appellant] met [section] 9545(b)([1])(ii), it was to provide counsel under Rule 904(F) and order an Amended Petition under Rule 905. This did not occur."); **see also** PCRA Court Opinion, 7/30/24, at 7-8 (analyzing the merits of Appellant's claim that "the jury did not fairly represent his community").  However, the Rule cited by Appellant — Pa.R.Crim.P. 904(F) — sets forth the process the court must follow **after** counsel is appointed.  It is Rule 904(D) that addresses **when** the court must appoint counsel on a second or subsequent petition, such as in the instant case where this is Appellant's third PCRA petition.  That rule states that a petitioner is only entitled to the appointment of counsel if the court determines that he is indigent **and a hearing is warranted**.  **See** Pa.R.Crim.P. 904(D) ("On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and an evidentiary hearing is required as provided in Rule 908**, the judge shall appoint counsel to represent the defendant.") (emphasis added).  Rule 908 states that a hearing is warranted only when there are genuine issues of material fact to decide.  Pa.R.Crim.P. 908(A)(2).

Here, the PCRA court clearly determined that there were no issues of material fact necessitating a hearing.  We agree with the court's conclusion, albeit on the different basis that Appellant's petition is patently untimely and meets no exception.  "[T]his Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis." **Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).  Accordingly, the PCRA court did not err by concluding that a hearing was not warranted, and not appointing counsel for Appellant's third PCRA petition.

In Appellant's third and final issue, he contends that the PCRA court erred by dismissing his petition based on "a miscarriage of justice exception, in that the trial proceeding during jury instructions resulted in a conviction that was unfair…." Appellant's Brief at 19 (unnecessary capitalization omitted). Essentially, Appellant contends that the jury instructions were incorrect in several regards, and that his trial counsel was ineffective for failing to raise this issue. He insists that counsel's error amounts to a "miscarriage of justice" that permits our review of this issue. *Id.* Appellant also argues that his first PCRA counsel was ineffective for not raising trial counsel's ineffectiveness in this regard, and that Appellant is permitted to raise this claim under *Bradley*. *Id.* at 24.

We disagree. First, to the extent Appellant attempts to directly challenge the accuracy of the jury instructions provided in his case, he cannot meet the timeliness requirement of section 9545(b)(2). Appellant obviously knew about the ostensible errors in the jury instructions at the time they were given. Therefore, he cannot prove that he raised these alleged errors within one year of when he knew, or could have known, about them. *See* 42 Pa.C.S. § 9545(b)(2). Moreover, Appellant's challenge to the jury instructions would be waived based on his failure to raise it at trial, on direct appeal, or in his first PCRA proceeding. *See* 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for PCRA relief, the petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (declaring that "an issue is waived if the petitioner could have raised it but failed to do

so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

We also reject Appellant's argument that there is a 'miscarriage of justice' exception that permits him to argue that his trial counsel was ineffective for failing to challenge the jury instructions. As set forth *supra*, ineffectiveness claims cannot constitute equitable exceptions to the PCRA's time-bar, and courts lack jurisdiction to consider ineffectiveness claims raised in an untimely petition. **See Abu-Jamal**, 833 A.2d at 723-24. Additionally, our Supreme Court has "noted that [t]he PCRA confers no authority upon [an appellate c]ourt to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the [PCRA]." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (internal quotation marks and citation omitted); **see also Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (stating that "a court has no authority to extend filing periods except as the statute permits"). Therefore, there is no 'miscarriage of justice' exception applicable to Appellant's ineffectiveness claim.

Finally, we reject Appellant's reliance on **Bradley** to raise his claim that his PCRA counsel acted ineffectively by failing to attack trial counsel's effectiveness for not raising the jury-instruction issue. Again, the **Laird** Court explicitly held that **Bradley** does not create an exception to the PCRA's time-bar; thus, challenges to PCRA counsel's representation cannot be raised in an untimely petition. **Laird**, **supra** at *1.

In sum, none of the arguments Appellant sets forth herein satisfies an exception to the PCRA's one-year time-bar. Accordingly, the court did not err in dismissing his untimely petition.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/8/2025